DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Chillicothe Municipal Court judgment of conviction and sentence. The trial court found Greg Tyler, defendant below and appellant herein, guilty of failing to maintain reasonable control of his motor vehicle, in violation of R.C. 4511.202.
 {¶ 2} Appellant raises the following assignment of error:
 {¶ 3} "THE STATE FAILED TO MEET ITS BURDEN OF PROVING THE APPELLANT GUILTY BEYOND A REASONABLE DOUBT."
 {¶ 4} On December 4, 2000, appellant was driving a semi-tractor truck with double trailers on Route 35 near the Route 138 intersection in Ross County. Appellant felt a "tug" and the vehicle subsequently flipped on its side, causing the two trailers to separate. The authorities later charged appellant with failing to maintain reasonable control of his motor vehicle.
 {¶ 5} On August 20, 2001, the trial court held a bench trial. At the trial, Ohio State Highway Patrol Trooper Jennifer J. Stabler testified that she investigated the accident and concluded that the cause of the accident was appellant's failure "to maintain control of his unit, causing him * * * to over correct, going off into the exit ramp and just lost control of his trailers." She further testified that she examined the trailer and did not discover any defects that could have contributed to the accident.
 {¶ 6} Ohio State Highway Patrol Sergeant Carolyn M. Zeisler testified that appellant gave her the following written statement:
 {¶ 7} "I was west bound on 35, traveling at or about 55 miles per hour without any warning of problem. I felt the truck back and jerk to the left. I felt the truck cab lean left and I saw the exit for State Route 138 out my windshield. I then heard a very loud dragging noise and I realized I was on the side of the truck. All I could think about was I'm still alive. The truck came to rest and I climbed out."
 {¶ 8} Appellant testified that before the truck overturned, he felt a "tug." Appellant stated that he decided to turn the wheel to the left because "[i]t should have transferred weight back to the right side."
 {¶ 9} On September 24, 2001 the trial court found appellant guilty. The court found that appellant lost control of the vehicle and caused the vehicle to overturn on the driver's side. The trial court rejected appellant's argument that a mechanical defect caused the accident. The court sentenced appellant to pay the costs of the case. Appellant filed a timely notice of appeal.
 {¶ 10} In his sole assignment of error, appellant asserts that the prosecution failed to meet its burden of proof. In particular, appellant contends that the prosecution failed to introduce evidence to show the precise cause or reason for the truck to tip over. Appellant contends that "[u]nless and until the state could establish the reason for the truck tipping over, it had not met its burden of proof." We presume that appellant asserts either that insufficient evidence exists to support his conviction or that the trial court's finding of guilt is against the manifest weight of the evidence.
 {¶ 11} When an appellate court reviews the sufficiency of the evidence, the inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed, reasonably could support a finding of guilt beyond a reasonable doubt. See State v.Thompkins, 78 Ohio St.3d 380, 386, 1997 Ohio 52, 678 N.E.2d 541. Furthermore, when reviewing the sufficiency of the evidence, appellate courts construe the evidence in a light most favorable to the prosecution. See State v. Hill, 75 Ohio St.3d 195, 205, 1996 Ohio 222,661 N.E.2d 1068; State v. Grant, 67 Ohio St.3d 465, 477, 1993 Ohio 171,620 N.E.2d 50; State v. Rojas, 64 Ohio St.3d 131, 139, 1992 Ohio 110,592 N.E.2d 1376. Reviewing courts will not overturn convictions on sufficiency of evidence claims unless reasonable minds could not reach the conclusion reached by the trier of fact. See State v. Tibbetts,92 Ohio St.3d 146, 2001 Ohio 132, 749 N.E.2d 226; State v. Treesh,90 Ohio St.3d 460, 2001 Ohio 4, 739 N.E.2d 749. The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia (1979),443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560; Jenks,61 Ohio St.3d at 273, 574 N.E.2d at 503. Furthermore, a reviewing court is not to assess "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction."Thompkins, 78 Ohio St.3d at 390 (Cook, J., concurring).
 {¶ 12} Employing the above standard, we believe that in the case sub judice the state presented sufficient evidence from which a trier of fact could conclude, beyond a reasonable doubt, that appellant committed the offense of failing to maintain reasonable control of his vehicle. R.C. 4511.202 provides: "No person shall operate a motor vehicle * * * without being in reasonable control of the vehicle * * *." Trooper Stabler testified that appellant lost control of the vehicle and the vehicle overturned. The trier of fact reasonably could have concluded that appellant overcorrected the steering of his vehicle and, thus, that appellant failed to maintain reasonable control of his vehicle. Although much of the evidence supporting appellant's conviction is circumstantial, we note that the elements of an offense may be established by direct evidence, circumstantial evidence, or both. SeeState v. Durr (1991), 58 Ohio St.3d 86, 568 N.E.2d 674. Circumstantial and direct evidence are of equal evidentiary value. See Jenks,61 Ohio St.3d at 272 ("Circumstantial evidence and direct evidence inherently possess the same probative value [and] in some instances certain facts can only be established by circumstantial evidence."). When reviewing the value of circumstantial evidence, we note that "the weight accorded an inference is fact-dependent and can be disregarded as speculative only if reasonable minds can come to the conclusion that the inference is not supported by the evidence." Wesley v. The McAlpin Co. (May 25, 1994) Hamilton App. No. C-930286, unreported (citing Donaldson v. NorthernTrading Co. (1992), 82 Ohio App.3d 476, 483, 612 N.E.2d 754).
 {¶ 13} Moreover, we disagree with appellant that the prosecution, in order to satisfy its burden of proof, was required to establish the precise cause of the accident. R.C. 4511.202 contains no such requirement. Rather, the statute requires proof that a defendant failed to reasonably control his vehicle. Thus, we disagree with appellant that insufficient evidence exists to support his conviction. In fact, a violation of this statute could result from many different factual scenarios, including driver inattention or driver error. Again, the statute focuses on a driver's control or failure to control a vehicle, not the precise reason why a driver may have lost control of the vehicle.
 {¶ 14} We also disagree with appellant that the trial court's finding of guilt is against the manifest weight of the evidence. When an appellate court considers a claim that a conviction is against the manifest weight of the evidence, the court must dutifully examine the entire record, weigh the evidence and consider the credibility of witnesses, while being mindful that credibility generally is an issue for the trier of fact to resolve. See, e.g., State v. Thomas (1982),70 Ohio St.2d 79, 80, 434 N.E.2d 1356, 1357; State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. Once a reviewing court has finished its examination, the court may reverse the judgment of conviction only if it appears that the fact finder, in resolving conflicts in evidence, "`clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" Thompkins, 78 Ohio St.3d at 387 (quoting Statev. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720-21). If the prosecution presented substantial competent, credible evidence upon which the trier of fact reasonably could conclude, beyond a reasonable doubt, that the essential elements of the offense had been established, a reviewing court will not reverse the judgment of conviction as against the manifest weight of the evidence. See, e.g., State v. Eley (1978),56 Ohio St.2d 169, 383 N.E.2d 132, syllabus.
 {¶ 15} In the case at bar, we believe that the record contains substantial competent, credible evidence to support the trial court's conclusion. As we noted above, Trooper Stabler testified that appellant lost control of his vehicle. We therefore disagree with appellant that the trial court's conviction is against the manifest weight of the evidence.
 {¶ 16} Accordingly, based upon the foregoing reasons, we overrule appellant's assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Evans, J.: Concur in Judgment Opinion.